## Commonwealth v. Corso. Commonwealth v. Tomko.

*Sales on Sunday—Articles of food—Certiorari—Records of justice must show violations of statute—Act of April 22, 1794.*

1. The fact that sales made on Sunday were of articles of food does not necessarily prevent them from being in violation of the Act of April 22, 1794, 3 Sm. Laws, 177.

2. The records of a justice of the peace must show a violation of a statute in order to support a sentence imposing the penalty as prescribed by that statute.

*Certiorari.* Q. S. Washington Co., Aug. Sess., 1924, Nos. 45 and 44.

*Howard W. Hughes*, District Attorney, for Commonwealth.

*Vernon Hazzard*, for defendants.

BROWNSON, P. J.—The defendants ask us to determine, as matter of law, that any sales made by them on Sunday of the articles which the witnesses testified had been sold would not constitute violations of the Act of April 22, 1794, 3 Sm. Laws, 177, for the reason that these were articles of food. But the sale of food articles on Sunday may or may not be a violation of law, depending upon the facts and circumstances of the transaction. Thus, a sale of food by way of furnishing a meal or lunch in a hotel or restaurant is lawful. And the Act of 1794 excepts out of its operation certain other sales, provided the food sold is delivered before 9 A. M. or after 5 P. M. And we can conceive of circumstances which might cause a sale made between these

Commonwealth *v.* Corso. Commonwealth *v.* Tomko.

hours to be classifiable as a "work of necessity or charity," within a broad interpretation of these words as used in section 1. But, under circumstances which do not bring the case under any such exceptions, we think the law may be violated by a sale of merchandise on Sunday, even though that merchandise be classifiable as foodstuff. In these cases, such facts and circumstances as would show the sales in question to have been lawful have not been made to appear upon the justice's records, and have not been brought before us in any legal manner, so that we cannot make the ruling that is asked for. But, on the other hand, the records do not contain any finding by the justice that the defendants have done any act or acts such as the statute mentioned forbids; in other words, there is no conviction entered of record to support the sentence imposing the penalty in any of these cases, and, therefore, the judgments cannot be sustained. See opinion this day filed in the case of Com. *v.* Demas, 6 D. & C. 390.

The exception which is based upon the absence of any such conviction must be sustained and the judgment set aside in each of these cases.